Filed 5/12/23  P. v. Quinata CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B315984 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA110169) |
| v. | |
| FRED QUINATA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Affirmed.

Helen Hoeffel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In August 2018, defendant and appellant Fred Quinata threatened his 70-year-old cousin with a kitchen knife, tried to choke him and demanded money or a credit card. After more threats, defendant eventually forced his cousin to turn over the keys to his car and fled the home. The next day, defendant abandoned the car and attempted to break into the home of James and Donna Copplin, both retired Los Angeles County deputy sheriffs. They confronted defendant in the yard. Defendant threatened Mr. Copplin with a metal rod and got into a physical altercation with him, during which Mr. Copplin shot defendant.

Defendant was charged with four felonies: carjacking (Pen. Code, § 215, subd. (a)), second degree robbery (§ 211), assault with a deadly weapon (§ 245, subd. (a)(1)) and attempted first degree burglary (§§ 459, 664). It was alleged as to the carjacking and robbery counts that defendant used a deadly weapon (knife) in committing the offenses. It was further alleged defendant had suffered 22 prior convictions for serious or violent felonies within the meaning of the Three Strikes law.

Before trial, defendant made a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, requesting records related to victims James and Donna Copplin.

The hearing on defendant's motion was held June 3, 2021. Defense counsel conceded he was only interested in any complaints regarding acts of dishonesty or excessive force. The court granted defendant's motion to that limited extent and conducted an in camera proceeding with the custodian of records that was transcribed by a court reporter. The court found there were no responsive documents to disclose.

Trial began in September 2021. The jury found defendant guilty as charged. In a separate proceeding, the court found true the prior conviction allegations. The court imposed a Three Strikes sentence of 50 years to life, plus three years.

Defendant does not contend there were any trial errors. Defendant requests only that we independently review the sealed records of the *Pitchess* proceedings to determine whether any procedural errors were made. Respondent does not oppose defendant's request for independent review of the *Pitchess* proceedings. We have reviewed the transcript of the in camera proceedings and conclude there were no procedural irregularities. The trial court properly determined there were no responsive records to disclose.

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



VIRAMONTES, J.